# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1354V
UNPUBLISHED

|  |  |
|---|---|
| CHARLES SHEPPARD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 10, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Joseph Michael Russell, Von Briesen & Roper, S.C., Milwaukee, WI, for petitioner.*

*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On September 5, 2018, Charles Sheppard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on November 27, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 16, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On September 8, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $60,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $60,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**


**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CHARLES SHEPPARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.                              ) | No. 18-1354V |
| ) | Chief Special Master Brian Corcoran |
| SECRETARY OF                    ) | |
| HEALTH AND HUMAN SERVICES,       ) | |
| ) | |
| Respondent.         ) | |
| ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 15, 2019, respondent filed a Vaccine Rule 4(c) report concluding that petitioner

suffered a Shoulder Injury Related to Vaccine Administration within the Table timeframe

following an influenza vaccination, and conceding petitioner's entitlement to compensation

under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10

to -34.  Accordingly, on July 16, 2019, the Chief Special Master issued a Ruling on Entitlement.

**I.      Items of Compensation**

Respondent proffers that petitioner should be awarded $60,000.00, which amount

represents all elements of compensation to which petitioner would be entitled under 42 U.S.C.

§ 300aa-15(a).  Petitioner agrees.

**II.      Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made

through a lump sum payment of **$60,000.00** in the form of a check payable to petitioner.[1]  This

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future pain and suffering, and future lost wages.

lump sum payment represents all elements of compensation to which petitioner would be entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

     Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                    Respectfully submitted,

                    JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  September 8, 2020